■ ERIC BEASON, Appellant-Respondent, v CAMILLA TONIOLO, Respondent-Appellant.—Order of the Supreme Court,

New York County (Robert E. White, J.), entered on March 19, 1990, denying summary judgment to both parties, unanimously affirmed, without costs.

The parties occupied the apartment since 1978 as cotenants, reflected as such on each succeeding renewal lease until the present one. In 1985, after the relationship between the parties had cooled, plaintiff's work took him to the West Coast, and he retained only a nominal tenancy relationship with the apartment. He did continue to pay his portion of the rent to his cotenant until 1987, when he began sending that money directly to the landlord. He also paid his portion of the increased security deposits at every renewal, retained a set of keys to the apartment and the mailboxes, and left behind certain clothing and belongings which defendant ultimately had boxed and placed in storage. But plaintiff's only actual occupancy after he moved out was for approximately three months during a five-month return to New York during the spring and summer of 1986. Defendant, who began paying full rent on her own in 1987, charges that plaintiff's clandestine continuing payments of partial rent to the landlord were a form of bribery to assure that the landlord would keep his name on the lease. As a result of her complaint with the Division of Housing and Community Renewal, charging resultant overcharging of rent, the landlord offered defendant the most recent renewal, in November 1988, for the two years commencing March 1, 1989, bearing only her name. When plaintiff brought his own complaint against the landlord for denial of renewal rights, the landlord issued a "corrected" lease in late March 1989, returning the name of plaintiff as a cotenant. Defendant maintains that this corrected lease is a sham and a nullity. Plaintiff insists that defendant should not be permitted to allege that he abandoned the apartment, inasmuch as she locked him out by changing the locks and denying him a key. Defendant counters that she changed the locks, with the landlord's permission, because they were broken, and that she never refused a request by her former cotenant, now ensconced at his own residence in Hollywood, for new keys. Defendant answers that she only denied a request that new keys be given to plaintiff's sister here in New York, a woman who, defendant maintains, was simply not welcome in the apartment.

What remains clear in this case is that even after completion of discovery, triable issues of fact still exist, and the denial of summary judgment motions was accordingly correct.

The motion for leave to amend the record and for other

relief is denied. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.